**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH (973) 645-4693
BANKRUPTCY JUDGE Fax: (973) 645-2606

<u>NOT FOR PUBLICATION</u>

FILED
JAMES J. WALDRON, CLERK
**JULY 19, 2011**
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: <u>s/ Ronnie Plasner,</u> DEPUTY

July 19, 2011

<u>**LETTER OPINION**</u>
<u>**ORIGINAL FILED WITH THE CLERK OF THE COURT**</u>

Law Offices of Andy Winchell Reed Smith LLP
Andy Winchell, Esq. Barbara K. Hager, Esq.
332 Springfield Avenue 1650 Market Street
Suite 203 2400 One Liberty Place
Summit, New Jersey 07901 Philadelphia, Pennsylvania 19103
*Counsel for Plaintiffs-Debtors,* *Counsel for Defendants,*
*Paul Glenn Verity and Jennifer Luther Verity* *Wells Fargo Bank, N.A.*
 *dba America's Servicing Company and*
 *U.S. Bank, N.A., as Trustee for*
 *RASC Series 2005 EMX4 Trust*

Re: **Verity et al. v. Wells Fargo Bank, N.A. et al.**
 **Adv. Pro. No. 10-02373 (DHS)**
 **In re Paul Glenn and Jennifer Luther Verity**
 **Case No. 10-20880 (DHS)**

Page 2
July 19, 2011


Dear Counsel:

Before the Court is a motion by Wells Fargo Bank, N.A. doing business as America's Servicing Company ("Wells Fargo") and U.S. Bank, N.A., as Trustee for RASC Series 2005 EMX4 Trust ("U.S. Bank") (collectively "Defendants"), for a protective order limiting the Defendants' obligation with respect to the production of original documents to Emily J. Will, the Plaintiffs' expert. Plaintiffs' counsel has indicated his desire to have an original mortgage note and allonge inspected by his forensic document expert at a law firm in the Raleigh-Durham, North Carolina area, where Ms. Will's office is also located. Defendants' counsel does not object to the production or inspection, but objects to the location. The Plaintiffs oppose the motion and argue that Rule 26 does not provide for the relief being sought. For the reasons that follow, the Defendants' motion is granted.

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334(b), 157(a), 157(b)(1), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(k). Venue is proper under 28 U.S.C. § 1409. The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.


## FACTS AND PROCEDURAL HISTORY

Debtors, New Jersey residents, filed a petition for relief under chapter 13 of the Bankruptcy Code on April 12, 2010. The Debtors filed the instant adversary proceeding to determine the validity of the Defendants' asserted secured claims, their standing as creditors, and for associated relief. (Compl. for Decl. J. and Damages [ECF Doc. 1] at ¶¶ 45-68)

On July 14, 2005, the Plaintiffs issued a promissory note (the "Note") to Mortgage Lenders Network USA, Inc. ("Mortgage Lenders") and granted a mortgage to Mortgage Lenders on their residence. (*Id.* at ¶ 14) Wells Fargo, as servicer of the Note, began collecting payments from the Plaintiffs. (*Id.* at ¶ 15) The right to payment under the Note was securitized in connection with the RASC Series 2005 EMX4 Trust (the "RASC Trust"), with U.S. Bank as trustee. (*Id.* at ¶ 16) The Plaintiffs allege that Wells Fargo has never been the holder and owner of the Note and that several other parties have a superior claim to being the holder in due course under the Note. (*Id.* at ¶ 26)

In 2009, U.S. Bank commenced a foreclosure action against the Plaintiffs' home. As an exhibit to a motion for summary judgment in the foreclosure action, U.S. Bank attached a copy of the Note with an allonge (the "Allonge") endorsing the Note in a string of endorsements from Mortgage Lenders to U.S. Bank. (*Id.* at ¶ 21) The Plaintiffs allege that the Allonge is deficient,

Page 3
July 19, 2011

under applicable law, for six (6) reasons: (1) there is ample space left on the Note for endorsements, thereby rendering an allonge unnecessary; (2) the Allonge does not contain the proper unbroken chain of endorsements; (3) it consists of two pages rather than one; (4) one of the pages is not integrated; (5) one of the endorsers was a "robo-signer" who lacked power of attorney to endorse the Note; and (6) the Allonge is not permanently affixed to the Note. (*Id.* at ¶ 23) The Plaintiffs further allege the first mortgage assignment is defective because the assignor is Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Mortgage Lenders, but there is neither an assignment from Mortgage Lenders to MERS nor a power of attorney indicating that MERS has the authority to assign the mortgage on behalf of Mortgage Lenders. (*Id.* at ¶ 25)

In light of the foregoing, Plaintiffs' counsel contacted Defendants' counsel and requested that Ms. Emily J. Will be allowed to inspect the original Note and Allonge. Ms. Will is based in the Raleigh-Durham, North Carolina area, and Plaintiffs' counsel sought to have the original documents sent to her office or that of locally based counsel. Plaintiffs assert that the inspection will not affect the integrity of the documents and that it would be appropriate to send the nine (9) sheets of paper to North Carolina via overnight mail. (Br. in Opp'n to Mot. for Protective Order, pp. 2- 4) ("Pls.' Br.")

Defendants' counsel responds that the document inspection should "be local considering the jurisdiction and venue of the case, and the location of the lawyers and the original note." (Mem. of Law in Supp. of Mot. for Protective Order, Ex. B) ("Defs.' Br.") Plaintiffs' counsel is located in Summit, New Jersey. Defendants' counsel is located in Philadelphia, Pennsylvania. Defendants' counsel offered to make herself and the documents available at a mutually convenient date at four inspection locations: (1) her office in Philadelphia; (2) another office of her firm in Princeton, New Jersey; (3) the courthouse in Newark; or (4) Philadelphia International Airport. (*Id.*) In response, Plaintiffs' counsel issued the second request for production and inspection of documents, specifying that the inspection would take place on a particular date, time, and location in North Carolina. (Defs.' Br., Ex. C) Thereafter, the Defendants filed the instant Motion for a Protective Order fixing the location for the inspection.

## **DISCUSSION**

### I.   **Production of Original Documents**

Federal Rule of Civil Procedure 34, which governs the production of documents during discovery, provides that:

> (a) In General. A party may serve on any other party a request within the scope of Rule 26(b):

Page 4
July 19, 2011

>(1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
>(A) any designated documents . . . .

Fed. R. Civ. P. 34. The Rule does not expressly define the term "produce," however, "[t]he management of discovery is left to the sound discretion of the district court." *Miller v. Hassinger,* 173 Fed. Appx. 948, 954 (3d Cir. 2006) (citing *Wisniewski v. Johns-Manville Corp.,* 812 F.2d 81, 90 (3d Cir. 1987)). Courts also possess "a great deal of flexibility in crafting the contents of protective orders." *Robotic Parking Sys. Inc. v. City of Hoboken,* 2010 WL 1077286 (D.N.J. Mar. 23, 2010). There is no Third Circuit authority for the proposition that a party is required to produce original documents in order to satisfy its discovery obligations. To the contrary, decisions addressing the question have found that a party may generally comply with Rule 34 by producing copies of documents requested in discovery. *See, e.g. Fin. Holding Corp. v. Garnac Grain Co.,* 1991 WL 221129, at *3 (W.D. Mo. May 21, 1991) ("Rule 34 does not require [ ] parties [to] produce original documents for inspection *unless the document request clearly provides for the production of originals.*") (emphasis added); *Martin-Parry Corp. v. C. A. Bader Co.*, 16 F.R.D. 465, 465 (D. Conn. 1953).

*Fin. Holding Corp. v. Garnac Grain Co.,* which the Plaintiffs rely on in support of their request to have the documents sent to their expert in North Carolina, did not turn on whether a defendant could be compelled to produce an original document at a specific location. Rather, the issue was whether the responding party's production of copies of the original complied with the document request in general. *Fin. Holding Corp.,* 1991 WL 221129, at *3.

In *Betts v. Agri-Tech Servs., Inc.,* the court held "[t]he defendant properly complied with [the Texas-based] plaintiff's discovery request in allowing him to examine the records at the defendant's attorney's office in Topeka, Kansas, and to copy them at his expense there." 1990 WL 5731, at *1 (D. Kan. Jan. 23, 1990). The court went on to hold that the "defendant is not required to mail these documents to plaintiff in Texas for additional inspection and copying" and found no fault with the defendant's refusal to comply with the plaintiff's request because turning over original records into the plaintiff's custody would be burdensome. *Id.*; *see also Richardson v. Rock City Mech. Co., LLC*, 2010 WL 711830, at *4 (M.D. Tenn. Feb. 24, 2010) (holding that "[o]nce the defendant has represented that the documents are ready for inspection and copying, the plaintiff has an obligation to make arrangements to inspect and copy."). Moreover, the general rule is that "business records should usually be examined at the place where they are kept and at reasonable hours." *Betts,* 1990 WL 5731, at *1 (citing *Petruska v. Johns-Manville,* 83 F.R.D. 32, 36 (E.D. Pa. 1979)).

Here, the Plaintiffs argue that because they specifically requested original documents, production of those documents is mandatory. However, the Plaintiffs' argument misses the

Page 5
July 19, 2011

point. The Defendants are willing to produce the original document for physical inspection and have agreed to four different locations at which the Plaintiffs' expert may conduct the inspection. (Defs.' Br., p. 4)

## II.    Good Cause for the Protective Order

Federal Rule of Civil Procedure 26 specifies that, for good cause, the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, including time and place, for the disclosure or discovery . . . ." Fed. R. Civ. P. 26(c)(1)(B). In order to obtain a protective order regarding discovery materials, the movant must demonstrate that good cause exists for the protection of that material. It is appropriate for a court to place conditions on the extent of discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

The Plaintiffs state they wish to review the original documents for authenticity. However, the Defendants have not refused nor are they seeking protection from full disclosure, but rather a limitation on the inspection location. Clearly, the Plaintiffs' legitimate purpose can be achieved in conjunction with the Defendants' requested protection.

"It is well established that discovery has limits and that these limits grow more formidable as the showing of need decreases." *United Air Lines, Inc. v. United States*, 26 F.R.D. 213, 219 (D. Del. 1960) (citing *U. S. v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958)). In the present case, the Plaintiffs' showing of need seems limited to the fact that they wish to avoid paying travel expenses as a result of their expert's distant location from New Jersey, the venue of the litigation.

In *Oppenheimer Fund, Inc. v. Sanders*, the Supreme Court, making an analogy to Rule 33(c) covering interrogatories, stated that when the burden of deriving the answer would be substantially the same for either party, "it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine and copy the records." 437 U.S. 340, 357, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). The Court continued to compare the class action suit before it to Rule 33, claiming the Rule's intended purpose was to place the "burden of discovery upon its potential benefitee." *Id.* (citing Fed. R. Civ. Proc. 33(c) advisory committee's note, quoting D. LOUISELL, MODERN CALIFORNIA DISCOVERY 125 (1963)). Similarly, in the present case, the Plaintiffs are the potential beneficiaries of the discovery they seek and should therefore bear the burden of the discovery.

Page 6
July 19, 2011


The Plaintiffs' objection emphasizes the expert's right to inspect the original document, pointing to the Defendants' failure to cite any "cases in which any court prevented or even limited the physical inspection of a document by an expert." (Pls.' Br., p. 5) The Defendants, however, do not oppose the inspection of the original document, but rather seek only to prevent the unnecessary burden of traveling to North Carolina. Moreover, the Defendants rely upon *Betts,* in which the court upheld a party's decision not to release original records into its adversary's custody. 1990 WL 5731, at *1. The fact that an out-of-state expert was not involved in *Betts* does not make the Defendants' efforts to limit the inspection of an original document unprecedented.

The Plaintiffs attempt to further distinguish *Betts* as concerning a burdensome volume of material rather than the burden of distance between parties. However, two cases within the Third Circuit have referred to the burden of unnecessary or excessive travel. *See, e.g. Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877, 883 (3d Cir. 1981), *aff'd sub. nom.*, *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinea*, 456 U.S. 694, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982); *see also Caruso v. Coleman, Co.* 157 F.R.D. 344, 349 (E.D. Pa. 1994). In *Compagnie des Bauxites de Guinea,* the court held that when the volume of material sought would make copying and transporting burdensome and oppressive to the producing party, or *where the distance between the parties is great*, the court may decline to order production and may instead order that the requesting party inspect the documents at the convenience of the party in possession of the documents. 651 F.2d at 883 (emphasis added).

Furthermore, in *Niagra Duplicator Co. v. Shackleford*, the court found that because the burden of inspection and copying is placed on the moving party under Rule 34, requiring the responding party to bear the expenses of discovery would be an undue burden. 160 F.2d 25, 26 (D.C. Cir. 1947). The court held that the responding party could comply with the discovery request by making the materials available for inspection at his office. *Id.* at 27.

Although Plaintiffs attempt to portray Defendants' request for a protective order as needlessly obstructive, the Court finds that the Defendants have made a reasonable offer in having the documents available for inspection and copying at a convenient location in or near this district, where the documents and all counsel are located. Releasing the original documents into the Plaintiffs' custody or bearing the cost of travel expenses would be unduly burdensome for the Defendants. Therefore, the costs should fall upon the Plaintiffs, who seek to benefit from the discovery, if they insist on utilizing a distant expert.

Page 7
July 19, 2011

## **CONCLUSION**

In light of the foregoing, the Court finds that the Defendants have established good cause for a protective order for inspection and copying and their motion is granted. The Defendants shall produce the requested original documents at one of the locations proposed by the defense, on a mutually agreeable date and time.

An Order in conformance with this Opinion has been entered by the Court and is attached hereto.

Very truly yours,

*s/ Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure